## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **vs.** | * | **CRIM. NO. 04-00115-CG** |
| | * | |
| **RICKY D. PARKER,** | * | |
| **Defendant.** | * | |

## ORDER

This cause is before the court on the government's motion to reconsider the continuation of the sentencing hearing due to the defendant's fugitive status.  (Doc. 25).  The motion is due to be granted.

On January 19, 2005, the court accepted a plea of guilty from defendant as to count one of the indictment.  (Doc. 16).  Defendant remained out on bond pursuant to the terms of release imposed by Magistrate Judge Bivins on December 15, 2004.  (Doc. 10).  On March 11, 2005, defendant removed his leg monitor, violating the terms of his release, and a warrant issued for his arrest.  (Doc. 18). Defendant has not yet been arrested and his whereabouts are unknown.  On April 19, 2005, the court cancelled defendant's previously scheduled sentencing hearing and notified the parties that the sentencing hearing would be rescheduled after defendant's arrest.  (Doc. 24).  The government's motion to reconsider submits that a defendant who has pleaded guilty and is willfully absent from sentencing may be sentenced in absentia and urges the court to do so.  (Doc. 25).

Fed. R. Civ. P. 43 provides for a defendant to be sentenced in absentia, providing certain conditions are met.  As stated by the Eleventh Circuit:

> in a noncapital case, if a defendant has pleaded guilty and is then voluntarily absent at sentencing, the further progress of the proceedings will not be hindered and [] the defendant will be considered to have waived the right to be present at sentencing. According to the advisory committee notes, Rule 43 was amended in 1995 to 'make clear that a defendant ... who has entered a plea of guilty ... but who voluntarily flees before sentencing, may nonetheless be sentenced in absentia.' The advisory committee notes also say that '[t]he Committee envisions that defense counsel will continue to represent the interests of the defendant at sentencing.'

United States v. Jordan, 216 F.3d 1248, 1249 (11th Cir. 2000).

As noted above, defendant has pleaded guilty.  The court finds that, by absconding, the defendant has voluntarily absented himself from the sentencing hearing. Pursuant to Jordan, supra, the court notes that defendant has not only waived his right to be present at sentencing but has also waived his right to have ten days to review his PSI.  Id. at 1250.

The government's motion to reconsider is **GRANTED**.  A sentencing hearing is hereby **SCHEDULED** for **Friday, April 29, 2005, at 10:30 a.m.** in the courtroom of the undersigned. Counsel for the defendant is **ORDERED** to be present and prepared to represent his client's interests. If defendant is arrested prior to that date, the U.S. Marshal is **ORDERED** to produce him at the hearing.

**DONE** and **ORDERED** this 20th day of April, 2005.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE